UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
DEBORA SPRINGER,

        Plaintiff,

    -against-                                        **COMPLAINT**

FRANK T. RINALDI, D.P.M. DEFINED BENEFIT       No. 05 CV 7337 (DAB)
PENSION PLAN, FRANK T. RINALDI, D.P.M, and
PENSIONS & FORECASTING,                         (ECF CASE)

        Defendants.
-----------------------------------------------------------------------x

### I.    PRELIMINARY STATEMENT

1.    This is an action by plaintiff, Debora Springer, (1) seeking to clarify her rights to benefits from a pension plan which is an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, (2) for the production of a designation of beneficiary form and (3) for penalties for the failure of the plan's administrator to furnish the form in a timely manner.

### II.    JURISDICTION AND VENUE

2.    This action is brought by plaintiff pursuant to §§ 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). This Court has subject matter jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1). This Court has supplemental jurisdiction over any other claim pursuant to 28 U.S.C. § 1367(a).

3.    Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 58 and 65 of the Federal Rules of Civil Procedure.

4.    Venue is based on ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

### III.   PARTIES

5. Plaintiff Debora Springer ("Plaintiff") is a natural person who resides in New York.

6. Defendant Frank T. Rinaldi, D.P.M. Defined Benefit Pension Plan (the "Plan") is, and at all times relevant hereto was, an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).

7. Defendant Frank T. Rinaldi, D.P.M. is the "Administrator" of the Plan within the meaning of ERISA § 16(A), 29 U.S.C. § 1002(16)(A), and a fiduciary of that Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

8. Defendant Pensions & Forecasting is, upon information and belief, the Plan's third party administrator and/or consultant. Pensions & Forecasting acts as the *de facto* Administrator of the Plan and/or its claims decision maker and is therefore a fiduciary of that Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

### IV.   FACTS

9. Plaintiff is a former employee of Frank T. Rinaldi, D.P.M. During the time of her employment with Frank T. Rinaldi, D.P.M. and at all times subsequent thereto, Plaintiff has been a participant in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).

10. Since the termination of her employment in June 2000, Plaintiff, initially on her own and subsequently with the assistance of the U.S. Department of Labor and then private counsel, has attempted to determine the amount of benefits to which she is

entitled from the Plan and the date or dates upon which she may commence receiving benefits.

11. By letter dated March 24, 2004 from Plaintiff's counsel to the Administrator, Plaintiff requested various documents and information including clarification of the Plan's calculation of the amount of her benefit entitlement.

12. By letter dated April 22, 2004 from Pensions & Forecasting, Plaintiff's counsel was informed that their March 24, 2004 letter had been forwarded to Pensions & Forecasting for a response. That response provided some, but not all of the information and documents Plaintiff's counsel had requested.

13. Because Pensions & Forecasting's letter did not set forth a correct calculation of Plaintiff's benefits, Plaintiff's counsel wrote to Pensions & Forecasting on July 1, 2004 and noted that Plaintiff was appealing the calculation of benefits. Plaintiff's counsel also requested a designation of beneficiary form on Plaintiff's behalf.

14. By letter dated October 4, 2004 and faxed to Plaintiff's counsel on October 5, 2004, Pensions & Forecasting enclosed what they asserted was their July 13, 2004 letter in response to Plaintiff's counsel's July 1, 2004 letter, which had "inadvertently" never previously been sent. While Pensions & Forecasting agreed to recalculate Plaintiff's benefits because of certain errors it had made regarding Plaintiff's date of birth and salary, Pensions & Forecasting still took the position that Plaintiff's counsel were incorrect regarding which of the Plan's terms were to be used in calculating Plaintiff's benefits. In essence, Plaintiff's counsel had asserted that the Normal Retirement Benefit is 100% of Average Monthly Compensation and Pensions & Forecasting asserted that it was 100% of Average Monthly Compensation multiplied by a fraction the

numerator of which is the employee's actual years of service and the denominator of which is the number of years the employee would have worked had she continued to work until her Normal Retirement Date. In addition, although Pensions & Forecasting's July 13, 2004 letter states that a designation of beneficiary form is enclosed, it was not.

15. In an effort to resolve the dispute without litigation, Plaintiff's counsel again wrote to Pensions & Forecasting on October 13, 2004, setting forth in detail why the Plan's calculation method violated its terms. That letter also noted the failure to provide the designation of beneficiary form and requested that form once again.

16. By letter dated October 18, 2004 from Pensions & Forecasting, the Plan adhered to its calculation method. That letter did not mention the designation of beneficiary form.

17. By letter dated November 8, 2004 to Pensions & Forecasting, Plaintiff's counsel adhered to its position concerning the appropriate method of calculating Plaintiff's benefits. In addition, Plaintiff's counsel once again noted the failure to provide the designation of beneficiary form and requested it once again. It has never been provided.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

18. Plaintiff repeats and realleges the matter set forth in ¶¶ 1-17 above as if fully set forth herein.

19. Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), a participant in an employee benefit plan subject to ERISA is entitled to pursue an action in federal court "to clarify his rights to future benefits under the terms of the plan."

4

20. Plaintiff is entitled to a judgment declaring the amount of benefits to which she is entitled and the date upon which she is entitled to commence receiving those benefits.

## SECOND CLAIM FOR RELIEF

21. Plaintiff repeats and realleges the matter set forth in ¶¶ 1-20 above as if fully set forth herein.

22. Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), a participant in an employee benefit plan subject to ERISA is entitled to pursue an action in federal court "to enforce his rights under the terms of the plan."

23. The Plan provides that a participant is entitled to "designate a beneficiary on a form supplied by the Administrator."

24. Plaintiff is entitled to injunctive relief requiring the Administrator to provide Plaintiff with that form.

## THIRD CLAIM FOR RELIEF

25. Plaintiff repeats and realleges the matter set forth in ¶¶ 1-24 above as if fully set forth herein.

26. Pursuant to ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), and 29 C.F.R. § 2575.502c-1, the Court may assess a penalty of up to $110.00 per day against the Administrator if the Administrator fails to furnish information to a participant within 30 days of the request.

27. Plaintiff's first written request for the designation of beneficiary form was mailed July 1, 2004, a Thursday. It was undoubtedly received no later than July 6, 2004. As such, the form should have been provided no later than August 5, 2004.

28.  There is no excuse whatsoever for the failure to provide the designation of beneficiary form.

29.  Plaintiff is entitled to $110.00 per day for each day from August 5, 2004 until the designation of beneficiary form is provided.

### VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter judgment in her favor as follows:

1.  declaring the amount of benefits to which Plaintiff is entitled and the date upon which she is entitled to commence receiving those benefits;

2.  enjoining defendants to provide Plaintiff with a designation of beneficiary form;

3.  granting Plaintiff $110.00 per day in penalties for each day from August 5, 2004 until the designation of beneficiary form is provided;

4.  awarding Plaintiff her costs and attorney's fees herein; and,

5.  awarding Plaintiff such other and further relief as to this Court may seem just and proper.

Dated:  New York NY
        August 17, 2005

Respectfully submitted,
Rosen Preminger & Bloom LLP
Attorneys for Plaintiff

By: _____
David S. Preminger (DP 1057)
Rosen Preminger & Bloom LLP
708 Third Avenue, Suite 1600
New York, New York 10017
(212) 682-1900